UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PALM GARDENS CONDOMINIUM
ASSOCIATION, INC., individually,

            Plaintiff,

-vs-                                        Case No. 6:07-cv-01498-Orl-UAM

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY, a corporation
authorized and doing business in Florida,

            Defendant.

## ORDER

This case comes before the Court on the following:

1. Defendant's Motion to Dismiss, or in the Alternative, For More Definite Statement (Doc. No. 5, filed Sept. 20, 2007); and

2. Memorandum in Opposition to Defendant's Motion to Dismiss, or in the Alternative, For More Definite Statement (Doc. No. 10, filed Oct. 3, 2007).

### Background

On August 10, 2007, Plaintiff Palm Gardens Condominium Association, Inc. ("Palm Gardens") sued Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") in state court for breach of contract. (Doc. No. 2, filed Sept. 19, 2007, ¶¶ 15-25). Nationwide removed the suit to this Court on the basis of diversity jurisdiction. (Doc. No. 1, filed Sept. 19, 2007). The next day, Nationwide filed a "Motion to Dismiss, or in the Alternative, For More Definite Statement." (Doc. No. 5).

Nationwide contends that Palm Gardens has violated Federal Rule of Civil Procedure 10(b) by failing to plead a separate count for each claim based on a separate transaction or occurrence. (Doc. No. 5, ¶ 3-8). According to Nationwide, Palm Gardens's insurance claims arise from two hurricanes in 2004, and Palm Gardens must therefore plead claims arising each hurricane separately. (*Id.*) Nationwide argues that it cannot "adequately prepare a defense without knowing specifically for which claim(s) Plaintiff believes it is entitled to receive insurance benefits." (*Id.* at ¶ 7). Nationwide asks this court to dismiss the complaint or, in the alternative, grant a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (*Id.* at ¶ 8).

Palm Gardens responds that the complaint complies with the requirements of Federal Rule of Civil Procedure 8(a)(2) by setting forth a "short and plain statement of the claim showing that the pleader is entitled to relief." (Doc. No. 10, ¶ 1). Furthermore, Palm Gardens argues, the complaint complies with Rule 10(b) because it alleges only one breach of contract. (*Id.* at ¶ 2). Specifically, the suit "involves a single claim for breach of contract for failure to pay for covered damages caused by two storms occurring in a short period of time." (*Id.* at ¶ 4).

The underlying complaint states that "Plaintiff's property in Osceola County . . . was damaged by wind and rain on August 13th, and September 4th, 2004, and thereafter. The damage to the subject dwelling, structures and property was caused by a covered peril under the subject insurance policy, i.e., a hurricane." (Doc. No. 2, ¶ 4). The complaint further alleges that "Nationwide . . . has failed and refused to pay all covered losses as sustained by a covered peril under the insurance policy based on the market value of goods, material and services at the time of the loss." (*Id.* at ¶ 10). Finally, the complaint asserts one count for "Breach of the Insurance Contract" and specifically states, "The Defendant breached the insurance contract by failing to fully

compensate Plaintiff for all losses sustained as a result of a hurricane, a covered peril under the insurance contract." (*Id.* at ¶ 19)

## Standard of Review

The Federal Rules of Civil Procedure require only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). However, despite this liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." *Kindred Hosp. East LLC v. Blue Cross and Blue Shield of Florida, Inc.*, 3:05-cv-995, 2007 WL 601749, *4 (M.D. Fla. Feb. 16, 2007) (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006))(internal quotations omitted). Whether a complaint gives reasonable notice is a question of law. *Evans v. McClain of Ga.*, 131 F.3d 957, 964 n.2 (11th Cir. 1997); *Bejil v. Ethicon, Inc.*, 269 F.3d 477, 481 (5th Cir.2001).

Rule 10(b) of the Federal Rules of Civil Procedure requires "[e]ach claim founded upon a separate transaction or occurrence" to be "stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." Fed. R. Civ. P. 10(b).

The Eleventh Circuit explained that Rules 8 and 10 work together:

> to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir.1996) (citation omitted).

If a violation of Rule 10(b) exists, the Court may grant a motion to dismiss with leave to amend or, "more properly perhaps, grant a motion for more definite statement pursuant to [Federal

Rule of Civil Procedure] 12(e)." *Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1164 (M.D. Fla. 1996).

**Analysis**

Palm Gardens has satisfied the requirements of Rules 10(b) and (8)(a)(2). To begin, Palm Gardens has pled its case "discretely and succinctly." *Fikes*, 79 F.3d at 1082. The complaint explains that the Palm Gardens property was damaged by "wind and rain on August 13th and September 14th, 2004, and thereafter," and this damage was "caused by a covered peril under the subject insurance policy, i.e., a hurricane." (Doc. No. 2, ¶ 4). Later, the Complaint alleges that Nationwide "breached the insurance contract by failing to fully compensate Plaintiff for all losses sustained as a result of a hurricane . . . ." (*Id.* at ¶ 19). Thus, the Complaint alleges a breach of contract and gives a factual basis for the claim.

Moreover, there is no reason to believe that Nationwide will be unable to frame a responsive pleading. *Fikes*, 79 F.3d at 1082. Nationwide claims it will be unable to defend the action without "knowing specifically for which claim(s) Plaintiff believes it is entitled to receive insurance benefits." (Doc. No. 5, ¶ 3). However, the Complaint explains that the claims arise out two specific hurricanes in 2004. (Doc. No. 2, ¶ 4). This allegation places Nationwide on sufficient, reasonable notice of Palm Gardens's claims. *See Evans*, 131 F.3d at 964 n.2. To the extent Nationwide will need more detailed information after the pleadings have closed, it is free to use any of the discovery tools provided for in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26.

Finally, the complaint is sufficient to allow the court to determine "whether the plaintiff has stated any claims upon which relief can be granted" and sort through "evidence which is relevant and that which is not." *Fikes*, 79 F.3d at 1082.

As a general matter, it is well settled that the plaintiff is the master of its complaint. *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004). Palm Gardens has characterized Nationwide's failure to pay for the property damage from the two hurricanes as a single breach of contract. (Doc. No. 10, ¶ 3). Nationwide may disagree with this method of pleading, but Palm Gardens is vested with the ultimate decision of how to present its case. *See Hill*, 364 F.3d at 1315.

The cases cited by Nationwide do not support its interpretation of Rule 10(b). (*See* Doc. No. 5, p. 3). Both cases involve facts giving rise to multiple distinct causes of action, each with distinct proofs and defenses. *See Washington v. Bauer*, 149 Fed. Appx. 867, 871 (11th Cir. 2005) (failure to plead separate claims against separate defendants); *Veltmann*, 928 F. Supp. 1161, 1163-64 (M.D. Fla. 1996) ("The complaint failed to separate each alleged act by each defendant into individually numbered paragraphs."). This case involves one defendant and a cause of action that Palm Gardens characterizes as a single breach of contract.

Thus, Palm Gardens has satisfied the requirements of Rules 10(b) and (8)(a)(2), and Nationwide's motion must therefore be denied.

## Conclusion

The Court **DENIES** Defendant's Motion to Dismiss, or in the Alternative, For More Definite Statement (Doc. No. 5, filed Sept. 20, 2007).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 6th, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record